O

JS-6

cc: order, docket, remand letter to
San Luis Obispo Superior Court, No. CV 120318

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON RICH,<br><br>                Plaintiff,<br>    v.<br><br>BEST BUY STORES, L.P., a Minnesota limited partnership; BEST BUY CO., INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS MN BEST BUY CO., INC., a Minnesota corporation; and DOES 1–20, Inclusive,<br><br>                Defendants. | Case No. 2:12-cv-06066-ODW (FFMx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [9]** |

## I.    INTRODUCTION

Plaintiff Ron Rich moves to remand this action to San Luis Obispo Superior Court. (ECF No. 9.) Having carefully considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L. R. 7-15. The Court concludes that it lacks subject-matter jurisdiction over this case and therefore **REMANDS** this action to the San Luis Obispo Superior Court.

## II.    FACTUAL BACKGROUND

On May 25, 2012, Rich filed this action in state court for (1) discrimination in violation of the Fair Employment and Housing Act ("FEHA") under California Government Code section 12940; (2) retaliation in violation of the

1  FEHA under California Government Code section 12940;
2  (3) failure to accommodate under California Government Code section 12940; (4)
3  failure to engage in the interactive process under California Government Code section
4  12940; (5) wrongful termination; and (6) intentional infliction of emotional distress.
5  (Notice of Removal Ex. A.)  Rich contends Best Buy terminated him as an employee,
6  which "constitutes unlawful employment practices in violation of California
7  Government Code § 12940, *et seq.*" (Compl. ¶ 25.)  Defendant filed an answer on
8  July 12, 2012, and subsequently removed to this Court on July 13, 2012.  (ECF
9  No. 1.)  Regarding damages, Rich seeks "compensatory damages for lost wages and
10 future wages, emotional distress damages, punitive damages and attorneys' fees."
11 (Notice of Removal ¶ 20.)

### III.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress.  U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added).  The party seeking removal bears the burden of establishing federal jurisdiction.  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or where diversity of citizenship exists under 28 U.S.C. § 1332.  To exercise diversity jurisdiction, a federal court must find complete diversity among the adverse parties, and the amount in controversy must exceed $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  Where a plaintiff does not specify a particular damages figure in the state-court complaint, the

removing defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds $75,000.00. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Evidence a court may consider includes "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Additionally, in determining the amount in controversy, the Court may include the request for punitive damages and emotional distress damages if they are recoverable under the applicable law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 947 (9th Cir. 2001); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033–34 (N.D. Cal. 2002). California law allows the recovery of punitive damages based on claims for violations of FEHA, wrongful termination, and intentional infliction of emotional distress. *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167, 176 (1980); *Simmons*, 209 F. Supp. 2d at 1033. To establish emotional distress and punitive damages, "defendant may introduce evidence of jury verdicts in cases involving analogous facts." *Simmons*, 209 F. Supp. 2d at 1033.

Finally, in ordinary diversity cases, a request for attorney's fees cannot be included in the jurisdictional amount unless an underlying statute authorizes an award of attorney's fees. *Lowdermilk*, 479 F.3d 994, 1000 (9th Cir. 2007) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998)). But even when including attorneys' fees, a court "cannot base [its] jurisdiction on Defendant's speculation and conjecture." *Lowdermilk*, 479 F.3d at 1002. Ultimately, the defendant must overcome "the strong presumption against removal jurisdiction" by "setting forth, in the removal petition itself, the *underlying facts* supporting its assertion that the amount in controversy exceeds" the required $75,000. *Gaus*, 980 F.2d at 567.

## IV. DISCUSSION

Rich's state-court Complaint did not specific the damages he seeks. Therefore, as the proponent of federal jurisdiction, Best Buy must establish by facts or summary-

judgment-like evidence, or both, that it is more likely than not that the amount in controversy exceeds $75,000 in this case.

Although Best Buy correctly notes that the Court "may consider the aggregate value of claims for compensatory and punitive damages, as well as attorneys' fees" to determine the jurisdictional amount (Notice of Removal ¶ 19), Best Buy nonetheless does not present any "underlying facts supporting its assertion that the amount in controversy exceed[ed]" $75,000. *Gaus*, 980 F.2d at 567. Best Buy argues that Rich "has placed in controversy an amount exceeding $75,000" without referring to specific statements in Rich's Complaint or facts relating to the matter. Instead, Best Buy offers only a statement by its counsel that, based on his experience "in practicing labor and employment law in the State of California, Defendants' counsel is not aware of any case that has proceeded to a jury trial" where the amount in controversy does not exceed $75,000. (Notice of Removal ¶ 20.) This statement alone is insufficient to prove that it is more likely than not the amount in controversy exceeds $75,000.

Even in asserting that an attorney's fees award in this case would satisfy the jurisdictional amount, Best Buy merely claims that "it is unimaginable that Plaintiff's counsel would seek less than $75,000 in attorneys' fees for a jury trial." (Notice of Removal ¶ 21.) This statement, without any supporting facts or evidence, is insufficient to show that it is more likely than not the attorney's fees would exceed $75,000.

Additionally, Best Buy's assertion that "even one year of lost wages would be significantly above the jurisdictional requirement of $75,000" is flawed. (Notice of Removal ¶ 23.) Best Buy offers no evidence that Rich seeks a full year's worth of lost wages or benefits. Furthermore, Rich was terminated on December 5, 2011, and filed his Complaint on May 25, 2012. (Notice of Removal ¶¶ 1, 23.) It is therefore conceivable that Rich would seek six months of lost wages rather than one year of lost wages. The six months of lost wages, based on Rich's annual compensation of

1  $108,169.88 (Notice of Removal ¶ 23), would only equal to $54,084.94, which does
2  not exceed the jurisdictional requirement of $75,000.

3        Finally, while Best Buy may introduce evidence of analogous cases where
4  juries awarded damages above $75,000 to plaintiffs, Best Buy fails to do so
5  successfully here. *Simmons*, 209 F. Supp. 2d at 1033. Best Buy cites numerous
6  California cases where juries awarded plaintiffs with similar claims damages above
7  $75,000. (Notice of Removal ¶ 24; Opp'n 7–10.) But the authorities Best Buy cites
8  are unavailing regarding the probable value of this case. The cases Best Buy refers to
9  largely are not analogous to the case at hand because they do not deal with wrongful
10 termination based on a plaintiff's disability. *See, e.g.*, *Lima v. City of L.A.*, No.
11 BC353261 (L.A. Super. Ct. Aug. 9, 2007) (jury verdict awarding plaintiff $790,000 in
12 economic damages for being discriminated against for refusing to give female workers
13 preferential treatment); *Holmes v. Gen. Dynamics Corp.*, 17 Cal. App. 4th 1418
14 (1993) (plaintiff terminated for reporting unlawful conduct to management); *Daniels
15 v. CVS*, No. SF0342755 (S.F. Super. Ct. verdict Apr. 29, 2005) (plaintiff was forced to
16 quit when employer refused to reduce his work schedule); *Velez v. Roche*, No. 02-
17 00337 EMC (N.D. Cal. verdict Feb. 4, 2004) (plaintiff, a female surgeon, claimed
18 discrimination because male doctors made sexist and lewd comments about female
19 patients). While Best Buy does cite one case on point, *Kolas v. Access Bus. Grp.
20 LLC*, No. BC362432, 2008 WL 6040410 (L.A. Super. Ct. Jan. 14, 2008) (jury verdict
21 awarding plaintiff $200,000 in emotional distress damages for wrongful termination
22 due to his age and an injury he incurred on the job), one analogous case is insufficient
23 to show that Rich's damages would surpass $75,000. *See, e.g.*, *Conrad Assoc. v.
24 Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1201 (N.D. Cal. 1998) (citing
25 two analogous cases was not enough to meet the burden of overcoming plaintiff's
26 motion to remand).

27       In the end, Best Buy sets forth numerous arguments but fails to overcome the
28 presumption against removal. Even if it is imaginable that Rich might recover more

1 than $75,000, Best Buy was required to show, through facts or evidence, that the
2 jurisdictional amount is satisfied; it could not simply confine itself to the face of the
3 Complaint. *Valdez*, 372 F.3d at 1117. Plainly, Best Buy does not provide enough
4 facts beyond the speculative level for this Court to ascertain the "value of the object of
5 the litigation." *Hunt*, 432 U.S. at 347. In light of the strong presumption against
6 removal, the Court must therefore remand this action back to San Luis Obispo
7 Superior Court. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

## V. CONCLUSION

Best Buy fails to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. Therefore, the Court **GRANTS** Rich's motion to remand and accordingly **REMANDS** this case to the San Luis Obispo Superior Court. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

September 6, 2012

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**